The first case is Collins v. United States Good morning Your Honor, this is Mike DeSantis with the Law Firm Coffin Dollars Follicks for the Appellant Plaintiff Michael Collins. Your Honor, the 2675 statute, this case was properly presented. The 2675 and the case law interpreting is very clear on what's required of a claimant and that is that the notice must be sufficient to allow an agency to investigate a claim and state a some certain for the claim. When one reads the cases that interpret the statute for the definition of sufficiency, it's clear and the language repeats itself is that what really must be stated is something that is not vague nor suggestive of a vast array of possibility of claims. When you look at the SF-95 that was filed in this case, we contend it's not conclusory, it's not vague, and it's not suggestive of other claims. The SF-95 in very great detail sets forth exactly what happened here. A man was hit by a Mack truck, date, time, etc. There's no contention on the liability side of this case. We believe that one must look at the SF-95 in its totality and here there's no contention on the liability side of the case. With regard to the damages side, the SF-95 specifically identifies body parts and what happened to the body. Fractured left knee, six rib fractures, three front, three back, left elbow exposed bone and or fractured head, chest infection, equilibrium issues, blood infections. These are very specific non-vague statements of damages. There's no vast array of other possibilities of claims that could be gleaned by this. Romulus 1 and 2, decided by this court, are actually supportive of our case, we believe. Romulus says the presentment is met when the notice speaks to accomplish the intended purpose of Congress, which was to provide the government with the opportunity to investigate, which is exactly what happened here. Moreover, when you look at the timeline of events, pursuant to 2675, the claimant has six months within which, the government has six months within the filing of the SF-95 in which to investigate and deny, or the claimant has the right... Let me ask you this. When you make a claim in the SF-95 for an amount like $10 million, does that suggest that maybe you ought to provide something more to substantiate it than just a relatively conclusory statement? Well, we believe that the statement in SF-95 is not conclusory when one compares it to the many other opinions that are reported on it. I don't disagree with that, but to draw the conclusion that it's worth $10 million, that I think is more of a stretch. Well, we, in this case, unlike Romulus and other cases, we did provide additional information. Two months after the filing of the SF-95, we provided medical billing and authorizations for the full release of the hospital records. Could one, counsel, could one argue that you presented adequately for the first set of further, the second level of operations and other things that happened after? That's a good question, and my response is as follows. We provided the medical records and the claims that existed at the time. It is not uncommon in a case like this that down the line, future conditions are diagnosed and future treatments are given. If, to accept the government's argument, a case could never be filed as long as there's continuing ongoing and future treatments and conditions that are diagnosed down the line. We believe that we provided an adequately and sufficiently stated SF-95 at the relevant time period. Is this also your answer to the $10 million claim, which is, of course, absurd but not things that people put in claims which have nothing to do with what is really there, but that you put that in because you don't really know what's going to happen afterwards and you want to protect yourself from it? Well, let me answer that as follows. We supplied, within the six-month period of time frame following the SF-95, the Huntington Hospital record for the initial treatment, 300 pages of information in great detail, diagnostic testing, et cetera, setting forth the injuries. That gives the government plenty of information about the initial injuries. If one were to say, well, this issue of subsequent treatment, subsequent injuries, maybe that was not sufficiently stated, it doesn't negate what was sufficiently stated at its inception. We believe, as a threshold matter, when the SF-95 is filed, one must make the determination of whether it is sufficient to present the claim under the statutory framework in the adjudicated cases. What happens four, five, six months down the line doesn't convert a properly presented SF-95 into an improperly presented 95. When you have a guy like this who gets hit by a Mack truck, it's not surprising that in the months, if not years down the line, other things are going to develop that are causally related according to a medical doctor. How is we as lawyers supposed to incorporate all of that into an initial SF-95? The statute is specific. Six months, that's what you get. That's all the government gets. And then we, as the claimant, can have our day in court. If we have a case like this where a guy gets hit by a Mack truck and is likely going to have medical conditions and treatments for the rest of his life, we shouldn't have to wait. Every single time the government asks us for something, we're entitled to our day in court. And I think with that, my initial time is up. I'm happy to answer questions, though. No, that's fine. You have some time for rebuttal and we'll hear from the government. Good morning, my name is Megan Frysmith. I'm an assistant United States attorney for the Eastern District of New York, representing APOLI, the United States of America. The Second Circuit has already addressed the legal standard for adequate presentment before it now. In Romulus, this court held that a notice of claim filed pursuant to the FDCA must provide enough information to permit the agency to conduct an investigation and to estimate the claim's worth. Now, what is enough is always going to depend on the claim itself. There's no question that there was an accident, right? He was hit by the truck and the Postal Service was out there investigating right from the beginning. Right, that's right, your honor. You know, so the only question really is, well, there would be a question about contributory negligence, I suppose, but otherwise the principal question is the the value of the claim, the amount of damages. Would you agree with that? Your honor, I would agree that that is the issue that we're addressing here. Yes, is the notice. How in a situation like this where there's continuing treatment, additional surgeries, additional damages, perhaps. I mean, how do you expect a claimant to present all of that with the SF-95? Well, in this case, your honor, the SF-95 alone here was insufficient. It listed. Well, why was it insufficient for the government to look further? Why? What was insufficient about it? Remembering that it isn't that the government needs to be have enough to ascertain, as the district court said, that it isn't ascertain, it's to investigate and estimate. Why wasn't this enough to tell the government to go on and look into it further? Your honor, and as we just said, the issue here is really the damages portion and the SF-95 listed some injuries, some more detailed than others. But, for example, it listed simply the. Why isn't that enough for the government to do its investigation? I mean, when somebody has an accident, you don't know everything. They sent in the first set of bills. But what do you expect? Well, here, your honor, there was a list of some injuries with no medical records attached to the SF-95 whatsoever. So we are left with a claim of a some certain for ten million dollars and a perfunctory list of injuries for which there is no other information. It seems to me that the district court was very upset by the claim of ten million dollars when evidence it was brought in suggested initial injuries of sixty five thousand dollars, possible other ones, but a long way. But isn't that what happens in every single torts claim, that they put in a very large amount because they don't know what's going to happen afterwards and also because it's dramatic, frankly, but rather silly. But they do that in every torts case. And if we were to say that because they put in a claim that is beyond what they have actually presented, they can't then go on and make their case, it would mean that virtually every case against the government would be out of court. I mean, to that, I will say that in this case, though, it was not just that there were injuries listed on the SF-95. It was that the claimant himself continuously represented to the Postal Service that he was engaged in ongoing treatment, had been hospitalized in just December, which was a few weeks after the initial hospitalization was over. What's the problem with that? I mean, how is how does that leave you unable to investigate? The issue is that there there is no information given to the Postal Service as to what that hospitalization was for. Well, you know, there's no one for the Postal Service. Wait a minute. Wait a minute. It seems to me you're asking us to rewrite the statute to require not simply notice, but proof. And that's not what it requires. Now, I think you agreed with Judge Chin. This isn't a case where somebody says, I was injured and there's no information about how it happened or what accident there was. You know exactly what happened here. And you also know that the injuries were serious enough to require hospitalization and initial medical treatments of initial surgical treatments. So we're not in a situation where someone is coming up with a multimillion dollar claim and no one has a clue what happened to it. It seems to me that you've got enough to investigate and doesn't your investigation entitle you to ask the plaintiff for more evidence as it develops and then to argue if he doesn't produce it, that he's barred from claiming it later on. But you're not in a position where you can't investigate. Help me out here. Well, Your Honor, I believe the Postal Service had begun its investigation. And based on the claimant's representations in correspondence that followed the SF-95, that he was seeking additional treatment or had already undergone additional treatment that was merely listed on the SF-95. It did list the hospitalization. You know, the SF-95 had 13 letters from the hospitals attached to it. There were bills. I mean, when someone says my demand is $10 million, it's not yes or no. You know, certainly there was enough for the government to say, OK, your claim is not worth $10 million, but maybe it's worth $100,000 or $200,000. And that could be part, and that typically is part of the process, isn't it? Right. Well, here again, and, you know, I'll continue on with my answer before, which was that, you know, here, the Postal Service... Your argument is that this deprives the court of subject matter jurisdiction. When at best, it seems to me, it goes to proof and what is the value. But that's something that's always subject to negotiation. Well, I think the standard that we have in Romulus and again in Lee, that the agency has to have enough information, speaks here that, you know, the agency did not. It did request additional information. There's a, counsel, there's a deeper issue here. The object of the Fourth Federal Tort Claims Act was to put the government in the same situation, basically substantively, as individual defendants when the injury is one that is not one a matter of discretion, but is simply the thing that ordinary defendants do. And the idea is that other companies that compete with the government in this, like Federal Express and so on, will not be disadvantaged. So that the government gets an advantage when it's competing in an ordinary business. It makes perfectly good sense for the law to ask that enough be made, given so that negotiations about settlement can be made. But if we go down your line and require all of these things, plus the closeness, shortness of time, we create a situation where practically plaintiffs cannot bring suits against the government. And what we're doing is violating the whole intent of the statute to make the government be in the same situation as an ordinary defendant. So that it just seems that not only doesn't the statute say it, as Judge Rauji pointed out, but it makes sense in the whole context that it wouldn't say it. Well, here, Your Honor, the government was not requesting so much information that was so unreasonable or implicating the settlement procedures under 2672, which is a different statute. They simply requested a very limited amount of medical records. I'm not saying that the government was wrong to request it. Of course, it was reasonable for a government to request it. But that doesn't mean that the absence of that means no jurisdiction and that the other person is out in court. Sure, any defendant in this situation would ask these questions. They're perfectly reasonable ones. Right. And in Romulus and Lee, though, the court had held that a simple request for basic underlying medical documentation, especially for treatment that had already been provided, was a perfectly acceptable request under 2675 without implicating further settlement negotiation procedures under the other statute. Thank you. Thank you. We'll hear the rebuttal, Mr. DeSantis. Thank you, Your Honor. Romulus 1, the SF-95 was found to be deficient both in liability and on damages. The SF-95 and Romulus 1 said, quote, sustained severe personal injuries, head, body injuries, et cetera. Conclusory, factually distinguishable from this case. Romulus 1, the Postal Service sent letters over the course of a year to the plaintiff's attorney requesting additional information, and the plaintiff's attorney ignored them all. Factually distinguishable from this case. In Romulus, in conclusion, I would say in Romulus 1, in reliance on the corn booth case, states as follows, quote, judicial sympathy for a plaintiff whose neglect has deprived them of a valuable right is tempered in this case by the court's observation that the injuries appear not to be very serious. Distinguishable. And the failure of the plaintiff corn booth and his lawyer to respond for over two years to the request for medical information indicates they did not treat this matter of one of urgent concern. Factually distinguishable. Romulus supports our position in this case. It's officially stated as F95, responded timely to the government. The government had all it needed to investigate. And we believe the district court has subject jurisdiction, subject matter jurisdiction, and the matter should be reversed and sent back down. And we thank you for your time. On behalf of Mr. Collins, thank you very much. Thank you both. We'll reserve the position. We're hard on you, counsel. But that's our job. You do the best job you can.  All right. Thank you, your honors.